**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| **MARY BLAKEY** | ) | |
| 1422 N. 62nd Street | ) | |
| Kansas City, KS 66102, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: |
| | ) | |
| **ALPHAPOINTE ASSOCIATION** | ) | **WITH JURY DEMAND** |
| **FOR THE BLIND,** | ) | |
| (Serve Registered Agent: | ) | |
| Jack L. Campbell | ) | |
| 1800 Twelve Wyandotte Plaza | ) | |
| 120 W. 12th Street | ) | |
| Kansas City, MO 64105-1929), | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff Mary Blakey (Plaintiff) states the following as her causes of action against Defendant Alphapointe Association for the Blind (Defendant).

**JURISDICTION AND VENUE**

1. Plaintiff is an individual who resides in Kansas City, Kansas.

2. Defendant is a nonprofit corporation organized under the laws of the State of Missouri and transacts business in the State of Missouri.

3. Plaintiff asserts these claims pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq. and the Missouri Human Rights Act at §213.010 et seq. of the Missouri Revised Statutes. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, and the doctrine of pendant jurisdiction.

4. Venue is proper because Defendant resides in the Western District of Missouri within the meaning of 28 U.S.C. § 1391 (b) and (c) and because the discriminatory actions occurred in Jackson County, Missouri in the Western District of Missouri.

5. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission and with the Missouri Commission on Human Rights alleging that Defendant engaged in the discriminatory actions that are being raised in this lawsuit, or alternatively, the allegations of Plaintiff's lawsuit would have arisen from the investigation of Plaintiff's Charge of Discrimination.

6. Right-to-sue letters have been issued from the Equal Employment Opportunity Commission and from the Missouri Commission on Human Rights and this action is being brought within ninety (90) days from the issuance of such right-to-sue letters.

7. Plaintiff has fulfilled all conditions precedent to the bringing of this claim and has duly exhausted all administrative procedures in accordance with the law prior to instituting this lawsuit.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff incorporates by reference the allegations contained in paragraphs 1-7 into Count I of her Complaint.

9. Plaintiff began employment with Defendant in approximately October of 1999 as an Assembly Worker and is currently employed by Defendant as an Assembly Worker.

10. Plaintiff suffers from a visual impairment disability, was perceived as suffering from a visual impairment disability, and has a record of a visual impairment disability, all within the meaning of the ADA and its accompanying regulations. Plaintiff had, presently has, and was perceived and/or regarded to have

a physical impairment which substantially limits one or more of life's major activities.

11. In or around March of 1999, Plaintiff applied for and interviewed for an available Customer Service Representative position with Defendant.

12. Plaintiff was able to perform the essential functions of the Customer Service Representative position with reasonable or without any accommodation.

13. Defendant did not promote Plaintiff to this position because of her disability, her perceived disability, and/or her record of disability and instead hired a sighted individual not previously employed by Defendant.

14. Defendant's employees and management were acting within the course and scope of their employment at all times relevant herein.

15. As a direct result of the discriminatory and unlawful acts of Defendant, Plaintiff has been caused to suffer and sustain damages, including but not limited to loss of past and future wages and benefits, emotional distress, humiliation and suffering, mental anguish, a detrimental employment record, and other non-pecuniary losses.

16. The conduct of Defendant, through its employees and agents, was intentional, malicious, in conscious disregard for the rights of Plaintiff and others similarly situated, and reflected a conscious indifference to Plaintiff's federally protected rights, entitling Plaintiff to an award of punitive damages.

17. Plaintiff is entitled to recover all of her costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as other appropriate equitable relief.

**WHEREFORE,** Plaintiff prays for judgment against Defendant for actual damages, compensatory damages, and punitive damages, all costs, expenses, expert witness fees and attorneys' fees incurred

herein, reinstatement, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

18. Plaintiff incorporates by reference the allegations contained in paragraphs 1-17 into Count II of her Complaint.

19. Plaintiff is handicapped, was regarded as and had a record of a handicap, within the meaning of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.055.

20. Defendant's actions as alleged in Count I also constitute violations of Mo. Rev. Stat. § 213.055.

21. As a direct result of the discriminatory and unlawful acts of Defendant, Plaintiff has been caused to suffer and sustain damages, including but not limited to loss of past and future wages and benefits, emotional distress, humiliation and suffering, mental anguish, a detrimental employment record, and other non-pecuniary losses.

22. The conduct of Defendant, through its employees and agents, was intentional, malicious, in conscious disregard for the rights of Plaintiff and others similarly situated, and reflected a conscious indifference to Plaintiff's federally protected rights, entitling Plaintiff to an award of punitive damages.

23. Plaintiff is entitled to recover all of her costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as other appropriate equitable relief.

**WHEREFORE,** Plaintiff prays for judgment against Defendant for actual damages, compensatory damages, and punitive damages, all costs, expenses, expert witness fees and attorneys' fees incurred

herein, reinstatement, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all of the allegations contained in this Complaint that are triable before a jury.

**BRATCHER & GOCKEL, L. C.**

By  s/Kristi L. Kingston
 Lynne Jaben Bratcher, Mo. Bar # 31203
 Kristi L. Kingston, Mo. Bar # 46539
 1610 City Center Square
 1100 Main Street
 P.O. Box 26156
 Kansas City, MO  64196-6156
 PH:  (816) 221-1614
 FAX: (816) 421-5910

**ATTORNEYS FOR PLAINTIFF**

5

Case 4:01-cv-00116-HFS   Document 1   Filed 01/31/01   Page 5 of 5

herein, reinstatement, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all of the allegations contained in this Complaint that are triable before a jury.

**BRATCHER & GOCKEL, L. C.**

By  s/Kristi L. Kingston
 Lynne Jaben Bratcher, Mo. Bar # 31203
 Kristi L. Kingston, Mo. Bar # 46539
 1610 City Center Square
 1100 Main Street
 P.O. Box 26156
 Kansas City, MO  64196-6156
 PH:  (816) 221-1614
 FAX: (816) 421-5910

**ATTORNEYS FOR PLAINTIFF**